UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

MICHAEL J. KATZ AND PATRICIA A. KATZ

*Plaintiffs*,

v.

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY

*Defendant.*

Index No.

**COMPLAINT**

Plaintiffs Michael and Patricia Katz, by and through their undersigned counsel, Kublanovsky Law, LLC, hereby state and allege as follows:

**NATURE OF ACTION**

1.     Plaintiffs Michael and Patricia Katz ("The Katzes" or "Plaintiffs") are residents of Oceanside, New York.  The Katzes' home was destroyed by Hurricane Sandy on or about October 30, 2012.

2.     Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, *et seq*.  Pursuant to the NFIA, Defendant issued Standard Flood Insurance Policies in its own name, as a fiscal agent of the United States.  Pursuant to 44 C.F.R. § 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under this Policy.

3.     The Katzes purchased a National Flood Insurance Policy from Defendant Nationwide that provided coverage for the damage they sustained.  The Katzes purchased flood insurance with a limit of liability of $250,000 for their building and $11,000 for their contents.

1

4.      Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") also issues homeowner's property insurance policies.

5.      The Katzes purchased homeowner's insurance from Defendant Nationwide with a limit of liability of $369,200 for the dwelling, $36,920 for other structures on the property, $258,440 for personal property on the property, and $369,200 to cover any loss of use.

6.      The Flood Policy indicated that Nationwide guaranteed "coverage for direct physical loss by or from flood," and the Homeowner's Policy indicated that Nationwide guaranteed coverage for other perils.

7.      The Katzes suffered substantial damages to their home and its contents due to Hurricane Sandy.

8.      Despite clear language obligating it to pay up to $1,294,760 to Plaintiffs, Nationwide has unreasonably and in bad faith denied coverage and underpaid for the damage to the Katzes home and contents.

9.      The devastation caused to the Katzes home and contents by Hurricane Sandy was severe enough.  Defendant's bad faith refusal to honor its insurance obligations is only compounding that damage.

## PARTIES

10.      Plaintiffs Michael and Patricia Katz are individuals and residents of Oceanside, New York. Their home at 192 Lindbergh Avenue, Oceanside, New York, was destroyed by Hurricane Sandy.

11.      Upon information and belief, Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") is a corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business at One Nationwide Plaza, Columbus, Ohio 43216.

## JURISDICTION AND VENUE

12.     This action arises under the NFIA, federal regulations and common law, and the flood insurance Policy that Defendant procured for and issued to Plaintiffs in its capacity as a WYO carrier under the Act.  The Policy covered the losses to Plaintiffs' property, which is located in this judicial district.

13.     Federal Courts have exclusive jurisdiction pursuant to 42 U.S.C. § 4072 over all disputed claims under NFIA Policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

14.     This Court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. § 4072 because the insured property is located in this judicial district.

15.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

16.     This Court also has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship.

17.     Venue is proper in the  Eastern District of New York pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because the Plaintiffs' claims arise in the Eastern District of New York, the insured property is located in the  Eastern District of New York, and Defendants are subject to personal jurisdiction in the  Eastern District of New York,.

## FACTS COMMON TO ALL CLAIMS

18.     Nationwide sold and issued National Flood Insurance Policy Number FL66313984962012 (the "Flood Policy") to the Katzes to cover losses to their dwelling and personal property caused by flood damage to their home at 192 Lindberg Avenue, Oceanside, New York (the "Property").

19.     Nationwide also sold and issued Homeowner Policy Number 66 31 HO 041594 (the "Homeowner's Policy") to the Katzes to cover losses to their dwelling and personal property caused by perils other than flood to the structures and contents at their Property.  (Collectively, the Flood Policy and the Homeowner's Policy are referred to as "the Policies".)

20.     The Katzes paid all premiums when due on the Policies.

21.     The Policies were in full force and effect when Hurricane Sandy hit on October 29, 2012 and in its immediate aftermath.

22.     On or about October 29, 2012, Hurricane Sandy made landfall in New York, causing widespread devastation to property.

23.     As a result of Hurricane Sandy, the Katzes sustained substantial losses and damage to their property and contents therein, which was covered by the Policies issued to them.

24.     The property and contents therein were destroyed.

25.     The Katzes reported the damage and properly submitted their Proof of Loss and claim for damages to Defendants.  Plaintiffs duly performed all of the conditions of the Policies and fully complied with all provisions and investigations of their claims.

26.     The damage to the Property, which was fully covered by the Policies, made the Katzes home unlivable and unsafe.

27.     The damage to the Property included flood, wind, sand, and other covered perils caused by Hurricane Sandy.

28.     The damage to the Property also included significant amounts of debris, removal of which is also covered under the Policies.

29.     Pursuant to a Federal Emergency Management Agency ("FEMA") memorandum dated February 15, 2013, the standard National Flood Insurance Program policies such as the Flood Policy at issue here cover the Katzes damages.

30.     The February 15, 2013 FEMA memorandum states:  "**Water, Moisture, Mildew, or Mold Damage** – When this damage occurs in connection with a covered direct physical loss by or from flood, it will be covered unless *there is clear evidence* of the policyholder's failure to inspect and maintain the insured property, where it was feasible to do so." (*Bold in original; emphasis added.*)

31.     Despite this directive, the Katzes received a letter from Nationwide dated December 4, 2013 rejecting a substantial portion of their claim of covered damages to the Property, despite the fact that the Flood Policy covered the damage and the Katzes properly inspected and maintained the Property prior to Hurricane Sandy.

32.     Similarly, the Katzes' received a letter dated December 10, 2012 from Nationwide rejecting a substantial portion of their claim of covered damages to the Property under the Homeowner's Policy, despite the fact that such Policy covered the damage and the Katzes' properly inspected and maintained the Property prior to Hurricane Sandy.

33.     Nationwide's denial letters did not cite to any "clear evidence of the policyholder's failure to inspect and maintain the insured property, where it was feasible to do so."  This failure to refer to any "clear evidence" indicates that Nationwide's denial of coverage was made in bad faith.

34.     Defendant, its agents, servants and employees improperly adjusted and denied Plaintiffs' claims without an adequate investigation, even though Plaintiffs' losses were covered by the Policies.  Defendant's partial payment of the Katzes' claims did not cover their damages as guaranteed by the Policies.

35.    Defendant failed to properly investigate the damage and assess the debris for removal, as Defendant guaranteed they would do pursuant to the Policies.

36.    Defendant, its agents, servants and employees unjustifiably refused to perform its obligations under the Policies and wrongfully denied payment in the full amount of Plaintiffs' claims.

37.    Despite its contractual duty under the Policies to fairly and properly adjust these claims, Defendant failed and refused to sufficiently compensate Plaintiffs for their covered losses.

38.    Because Defendant and its agents failed to pay Plaintiffs on their claims, Plaintiffs have incurred significant out of pocket costs to properly repair the damages to their Property and retain attorneys.  This has caused additional damages to Plaintiffs that were within the contemplation of the parties as a foreseeable consequence of Defendants' failure to perform their obligations under the Policies.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(Flood Policy)**

39.    Plaintiffs repeat and re-allege the allegations in Paragraph 1 through 38 as if fully set forth herein.

40.    The Flood Policy, at all times relevant and material to the case, constituted a contract between Plaintiff and Nationwide.

41.    Plaintiffs fully performed under the contract by paying all premiums when due and by cooperating with Nationwide regarding the claims.  Plaintiffs timely complied with all conditions precedent to their recovery herein, including making an appropriate and adequate demand.

42.    Nationwide failed to perform and materially breached the insurance contract when it wrongfully failed to pay and refused to reimburse Plaintiffs what they are owed for damages

caused by Hurricane Sandy to the Property covered under the Flood Policy. Nationwide also breached the contract by failing to perform other obligations it owed Plaintiffs under the Flood Policy.

43.     By reason of Nationwide's breach, including its failure to reimburse Plaintiffs for the covered losses, Nationwide is liable to and owes Plaintiffs for the actual damages they suffered as a result of Nationwide's breach, all costs associated with recovering, repairing and/or replacing the covered property, including compensatory damages, in an amount to be established at trial but no less than the combined Flood Policy limits, together with interest and all other damages that Plaintiffs may prove as allowed by law.

**SECOND CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(Homeowner's Policy)**

44.     Plaintiff repeats and re-alleges the allegations in Paragraph 1 through 38 and 40 through 43 as if fully set forth herein.

45.     The Homeowner's Policy, at all times relevant and material to the case, constituted a contract between Plaintiff and Nationwide.

46.     Plaintiffs fully performed under the contract by paying all premiums when due and by cooperating with Nationwide regarding the claims. Plaintiffs timely complied with all conditions precedent to their recovery herein, including making an appropriate and adequate demand.

47.     Nationwide failed to perform and materially breached the insurance contract when it wrongfully failed to pay and refused to reimburse Plaintiffs what they are owed for damages caused by Hurricane Sandy to the Property covered under the Homeowner's Policy. Nationwide also breached the contract by failing to perform other obligations it owed Plaintiffs under the Homeowner's Policy.

7

48.    By reason of Nationwide's breach, including its failure to reimburse Plaintiffs for the covered losses, Nationwide is liable to and owes Plaintiffs for the actual damages they suffered as a result of Nationwide's breach, all costs associated with recovering, repairing and/or replacing the covered property, including compensatory damages, in an amount to be established at trial but no less than the combined Homeowner's Policy limits, together with attorneys' fees, interest and all other damages that Plaintiffs may prove as allowed by law.

**THIRD CLAIM FOR RELIEF**
**BREACH OF GOOD FAITH AND FAIR DEALING**
**(Homeowner's Policy)**

49.    Plaintiffs repeat and re-allege the allegations in Paragraph 1 through 38, 40 through 43, and 45 through 48 as if fully set forth herein.

50.    Nationwide has a duty to deal fairly and in good faith with Plaintiffs.  There is an implied covenant of good faith and fair dealing in every insurance contract.  This covenant obligates each party to the contract to refrain from taking any action or litigation position that would deprive the other of the benefits of the contract or cause undue hardship or harm to the other party.  It also requires the insurer, *inter alia*, to investigate claims in good faith and to reasonably and promptly pay covered claims.

51.    Plaintiffs timely complied with all conditions precedent to their recovery herein, including making an appropriate and adequate demand.

52.    By wrongfully denying payments to Plaintiffs, Nationwide breached the Policy, causing damage, including consequential damages.

53.    Nationwide breached its duty to deal fairly and in good faith by engaging in conduct calculated to further its own economic interests at the expense of Plaintiffs.

54.     This conduct includes misrepresenting to Plaintiffs that Plaintiffs' claims were not covered under the Policy even though the damage resulted from a covered cause of loss; conducting an unreasonable investigation of Plaintiffs' claims; investigating Plaintiffs' claims only to obtain facts supporting the claim denial that it had already decided to make; failing to meet its obligations pursuant to standard industry practices; and refusing to accept the facts and documentation supporting Plaintiffs' claims.

55.     As a result of the foregoing, Nationwide is liable to Plaintiffs for compensatory, consequential, and punitive damages in an amount Plaintiffs may prove at trial but no less than the Policy's limits, all costs associated with recovering, repairing, and replacing the damaged Property, attorneys' fees and expenses, together with all other damages Plaintiffs may prove as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.      On Plaintiff's First Cause of Action for Breach of Contract as against Defendant, in an amount to be determined at trial, but in no event less than $150,000; and

B.      On Plaintiff's Second Cause of Action for Breach of Contract as against Defendant, in an amount to be determined at trial, but in no event less than $150,000; and

C.      On Plaintiff's Third Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing, an amount to be determined at trial, but in no event less than $150,000;

D.      Attorneys' fees for breach of the Homeowner's Policy;

E.      Attorneys' fees, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, because as an issuer of Standard Flood Insurance Policies, Defendant Nationwide is a federal agency under the meaning of the EAJA and 42 U.S.C. § 4003;

F.      For a jury trial on the Homeowner's Policy claims, pursuant to F.R.C.P. 38; and

G.      For such other and further relief that the Court deems just and proper.

Dated:  June 26, 2014
        New York, New York

                                KUBLANOVSKY LAW LLC


                    By:      ____/s/ Eugene D. Kublanovsky_____
                             Eugene D. Kublanovsky (EK 0605)
                             817 Broadway
                             5th Floor
                             New York, NY 10003
                             Tel: (212) 729-4707
                             Fax: (973) 762-4032
                             Email: eugene@edklaw.com

                             *Counsel for Plaintiffs Michael and Patricia Katz*